THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK H. CONE & CO., INC., Relator, *v.* WALTER W. LAW, JR., and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, May 3, 1922.

Taxation — franchise tax on business corporation — tax fixed for tax year of November, 1920, to October, 1921, on return for calendar year 1919 — subsequent change by corporation of fiscal year from calendar year to year commencing June first and ending May thirty-first — additional tax for tax year 1920–1921 based on supplementary return of income from December 1, 1919, to May 31, 1920, improper — no franchise tax can be imposed for period between December 1, 1919, and May 31, 1920.

It was improper for the State Tax Commission to impose an additional franchise tax on the relator, a business corporation, for the taxable year from November 1, 1920, to October 31, 1921, based on a supplemental return made by the relator at the request of the Tax Commission of the relator's income from December 1, 1919, to May 31, 1920, where the Commission had fixed a tax for the taxable year of 1920–1921 on the relator's return for the calendar year of 1919 and thereafter the relator, with the permission of the Federal authorities,

**168** _ People ex rel. Cone & Co., Inc., v. Law.

Third Department, May, 1922. [Vol. 201

changed its fiscal year so that instead of being coincident with the calendar year it began on the first day of June and ended on the thirty-first day of May following. The Tax Law, article 9-A, does not authorize the State Tax Commission to impose a charge determinable by more than one year's experience in net income.

There seems to be no way under the present statute in which the State Tax Commission can impose the franchise tax on the net income of the relator for the time between December 1, 1919, and May 31, 1920, for in fixing the tax for the taxable year of 1921–1922 the Commission will be limited to the income of the relator for the period of its new fiscal year, that is, from June 1, 1920, to May 31, 1921.

Certiorari issued out of the Supreme Court (after taking effect of the Civil Practice Act)* and attested on the 10th day of December, 1920, directed to Walter W. Law, Jr., and others, as and constituting the State Tax Commission of the State of New York, commanding them to certify and return to the clerk of the county of Albany all and singular their proceedings had in assessing an additional franchise tax against the relator under article 9-A of the Tax Law, for the period ending October 31, 1921, and in affirming said assessment. (See Tax Law, art. 9-A, added by Laws of 1917, chap. 726, as amd. by Laws of 1919, chap. 628, and Laws of 1920, chap. 640.)

*Wherry & Mygatt* [*Frederic E. Mygatt* of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*C. T. Dawes, Deputy Attorney-General*, of counsel], for the respondents.

H. T. Kellogg, J.:

The relator was subject to an annual charge or tax " for the privilege of exercising its franchise in this State in a corporate or organized capacity." (Tax Law, art. 9-A, § 209.) It was required annually on or about July first to report to the State Tax Commission its net income for the previous calendar year or its previous fiscal year. (Tax Law, § 211.) The charge or tax was required to be computed on the basis of the net income thus reported, and was payable " in advance " for the year beginning on November first next succeeding and concluding on October thirty-first next thereafter. (Tax Law, § 209.) On or about June 23, 1920, the relator reported its net income for the calendar year 1919. This year was coincident with the relator's last preceding fiscal year as then established. The State Tax Commission computed the tax of relator for the year November 1, 1920, to October 31, 1921, on the basis of the net income thus reported, at the sum of $2,782.80. This sum was paid by relator in December, 1920. Meanwhile, the relator, with the permission of the Federal authorities having jurisdiction, in June, 1920, changed its fiscal year for accounting

* See Civ. Prac. Act, § 1283, as amd. by Laws of 1922, chap. 355.— [Rep.

purposes to begin on June first and end on May thirty-first in each year. The State Tax Commission, being informed by relator of this change, directed the relator to make a supplemental return, for the tax year November, 1920, to October, 1921, of the net income from December 31, 1919, to May 31, 1920. The relator complied with this direction. Thereafter the State Tax Commission assessed an additional charge or tax against relator of $8,026.83, based on such net income. The charge was paid by relator under protest. It will be seen that the State Tax Commission for the tax year November, 1920, to October, 1921, exacted from the relator a tax or charge based, not on its net income for the previous calendar and fiscal year of 1919, but upon the net income of that year plus the net income of the first five months of 1920. This was wholly contrary both to the letter and the spirit of the provisions of the Tax Law. That law, for a one year's exercise of a corporate franchise, imposed a charge determinable by a one year's experience in net income. The charge against relator for the year November, 1920, to October, 1921, had already been correctly computed on the basis of its net income experience for the year 1919, and had been assessed and paid. The next succeeding tax properly to be laid upon relator would have constituted a charge for exercising its franchise for the year November, 1921, to October, 1922. It is true that the relator for the computation of this tax could report its last preceding fiscal year of June, 1920, to May, 1921, rather than the calendar year 1920. In this way it could avoid having its prosperous months from January to May, 1920, considered in determining its yearly net income either for the tax year November, 1920, to October, 1921, or the tax year November, 1921, to October, 1922. For the loss which will thus accrue to the State only its Legislature is to blame. Certainly the State Tax Commission found no proper remedy when it attempted to lay a tax for the year November, 1920, to October, 1921, based upon a net income, not for one year, but for seventeen months. This was not authorized by any of the provisions of the Tax Law, but was directly opposed thereto. The action of the State Tax Commission was clearly erroneous, and cannot be upheld.

The determination of the State Tax Commission should be annulled, and the amount of the tax paid refunded, with costs to relator.

All concur.

Determination annulled, and the amount of additional tax paid ordered refunded, with fifty dollars costs and disbursements to the relator.